Cathy Johnson Administrator Colorado State Barber and Cosmetology Board 1525 Sherman St., Room 606 Denver, CO 80203
Dear Ms. Johnson:
This opinion letter is in response to your May 8, 1981 letter, in which you inquired about the legality of licensed barbers and cosmetologists performing and charging for barbering and cosmetology services in the homes of the general public.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents one question:
Whether pursuant to C.R.S. 1973, 12-8-101 et seq., a licensed barber or cosmetologist can perform and charge for barbering and cosmetology services in private homes?
 My conclusion is "yes." It is my opinion that a licensed barber or cosmetologist is not prohibited from performing and charging for barbering or cosmetology services in private homes.
ANALYSIS
Prior to 1977, there existed a State Board of Examiners of Barbers, and a separate State Board of Cosmetology. In 1977, the two boards were combined to form the State Board of Barbers and Cosmetologists by the Barber and Cosmetology Act of 1977. 1977 Colo. Sess. Laws, p. 612. C.R.S. 1973, 12-8-120(1) (1978 repl. vol.) provides as follows:
 (1) It is unlawful for any person, public school district, or public institution of higher education in this state to engage in, or to attempt to engage in, or to teach the occupations of barbering or cosmetology or to conduct
a barber school, barbershop, beauty salon, or beauty school in this state unless such person, public school district, or public institution of higher education first obtains a license as provided by this article.
(Emphasis added.)
C.R.S. 1973, 12-8-103(2) and (9) (1978 repl. vol.) defines "barbering" and "cosmetology" as follows:
 (2) "Barbering" means any one or combination of the following practices when done upon the upper part of the human body for cosmetic purposes and not for the treatment of disease or physical or mental ailments and when done for payment either directly or indirectly or when done without payment for the public generally. . . .
 (9) "Cosmetology" means any one act or practice or any combination of acts or practices, when done for payment either directly or indirectly or when done without payment for the public generally, usually performed by and included in or known as the profession of beauty culturists, beauty operators, beauticians, cosmeticians, cosmetologists, or hairdressers or of any other person, partnership, corporation, or other legal entity holding itself out as practicing cosmetology by whatever designation and within the meaning of this article. . . .
In addition, C.R.S. 1973, 12-8-103(4) (1978 repl. vol.) defines a "barbershop" or "beauty salon" as follows:
 (4) "Barbershop" or "beauty salon" means a fixed establishment or place where one or more persons engage in the practice of barbering or cosmetology.
(Emphasis added.)
The Act provides for the licensure of barbershops and barber schools, beauty salons and beauty schools. C.R.S. 1973, 12-8-108, 114, 115, 120, 121, 124, 125 (1978 repl. vol.). In addition, individual practitioners must be licensed as barbers, cosmetologists, cosmeticians, or manicurists. C.R.S. 1973,12-8-108, 110, 114, 120 (1978 repl. vol.).
The laws prior to 1977 did not contain a definition of "barbershop," but C.R.S. 1973, 12-17-103(4) defined a "beauty salon" as "that part of any place or premiseswherein any of the occupations of cosmetology arepracticed, and such place or premises shall be referred to in this part 1 as a `beauty salon.'" In view of this language, it was not totally clear whether a licensed cosmetologist was prohibited from performing and charging for services in private homes not licensed as beauty salons. However, current law requires licensure for a fixed establishment or place where the practice of cosmetology or barbering occurs. As a practical matter, homes of the general public would not be considered fixed establishments or places where the practice of barbering or cosmetology occurs, and would be outside the definition of a "barbershop" or "beauty salon." Consequently, a barbershop or beauty salon license would not be required under C.R.S. 1973,12-8-120(1) (1978 repl. vol.) to perform barber or cosmetology services in the homes of the general public.
Although the exemptions set forth in C.R.S. 1973, 12-8-121 (1978 repl. vol.) do not specifically exempt this situation, nothing in the Act would prohibit a licensed barber or cosmetologist from providing barber or cosmetology services in the home for compensation. There still exists authority to regulate these activities and to protect the public, since any practitioner must be independently licensed. C.R.S. 1973, 12-8-108, 110, 114, 120 (1978 repl. vol.).
SUMMARY
To briefly summarize my opinion, the providing and charging for barbering and cosmetology services in the homes of the general public is not prohibited if done by a licensed barber or cosmetologist. In order for a barbershop or beauty salon license to be required, the place in which the services are being rendered needs to be a fixed establishment or place, and would not encompass the private homes of any members of the general public.
Very truly yours,
 J.D. MacFARLANE Attorney General
BARBERS BEAUTICIANS
BEAUTY PRODUCTS AND SERVICES LICENSES, OCCUPATIONAL AND PROFESSIONAL
C.R.S. 1973, 12-8-103(2), (4) and (9) (1978 repl. vol.) C.R.S. 1973, 12-8-120(1) (1978 repl. vol.) C.R.S. 1973, 12-8-121 (1978 repl. vol.) C.R.S. 1973, 12-17-103(4)
REGULATORY AGENCIES, DEPT. Barbers Cosmetology Bd.
The providing and charging for barbering and cosmetologist services in homes of the general public is not prohibited if done by a licensed barber or cosmetologist.